17-RLI-434 DTF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BENISTAR ADMIN SERVICES, INC., a          Case No. 17-CV-4296
Delaware Corporation, and DONALD J.
TRUDEAU, an Individual,

                          Plaintiffs,

                                          **ANSWER**

          -against-

LANCE H. WALLACH, a/k/a ROBERT SHERMAN,    Defendant Demands
an Individual, VEBA, LLC, a New York Limited   a Jury trial
Liability Company, and DATHONIE D. PINTO,
an Individual,

                          Defendants.
-------------------------------------------------------------------X

Defendant, LANCE H. WALLACH, by his attorneys, McCABE, COLLINS,

McGEOUGH, FOWLER, LEVINE & NOGAN, LLP, answering the Complaint herein states

upon information and belief:

  1. Defendant admits the allegations set forth in paragraph marked "64" and each and

every part thereof.

  2. Defendant denies the allegations set forth in paragraphs marked "1", "2", "10",

"11", "12", "21" and "23" and respectfully refers all questions of law to this Honorable Court.

  3. Defendant denies the allegations set forth in paragraphs marked "3" , "4", "7",

"9", "26", "27", "33", "40", "41", "43", "44", "45", "46", "48", "58", "59", "60", "62", "63",

"65", "66, ""67", "68", "69", "71", "72 (i-iv)", "74", "75", "76" and "77", and each and every

part thereof.

  4. Defendant denies having knowledge or information sufficient to form a belief as

to the allegations set forth in paragraphs marked "15", "16", "17", "18", "19", "20", "24", "39",

"49", "50 (all subparagraphs)", "51", "52", "53", "54", "55", "56", "70" and "73" and each and every part thereof.

5.    Defendant denies the allegations set forth in paragraph "5", except admits VEBA, LLC is a New York limited liability company have a business address of 68 Keswick Lane, Plainview, New York 11803-6100.

6.    Defendant denies the allegations set forth in paragraph marked "6", except admits LANCE H. WALLACH is a natural person and a citizen and resident of the State of New York, having a residential address of 68 Keswick Lane, Plainview, New York 11803-6100 and is a licensed insurance agent in the State of New York.

7.    Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "8" except admits WALLACH is a member of VEBA, LLC.

8.    Defendant denies the allegations set forth in paragraph marked "13" except admits defendant WALLACH is a resident of this judicial district, has conducted business in this judicial district and respectfully refers all questions of law to this Honorable Court.

9.    Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "22" except admits the Internal Revenue Service analyzed 419 plans such as those of BENISTAR and various of its competitors and determined that some plans were improper tax shelters.

10.    Defendant denies the allegations set forth in paragraph marked "14", except admits venue of this action properly lies within this Judicial District pursuant to 28 U.S.C. §1391(b)(1) because the defendants are residents of the State in which the Judicial District is located.

2

11.     Defendant denies the allegations set forth in paragraph marked "25", except admits WALLACH has been and is engaged in the business of providing insurance consulting services, tax consulting services related to life and health insurance (and tax implications thereof) and expert witness services.  Wallach is a licensed and active insurance agent in the State of New York.

12.     Defendant denies the allegations set forth in paragraphs marked "28", "29", "30", and "42" and refers to the specific website for the time alleged.

13.     Defendant denies the allegations set forth in paragraph marked "31" except admits 516-938-5007 is the office telephone number for LANCE WALLACH and refers to the specific website for the date alleged.

14.     Defendant denies the allegations set forth in paragraph marked "32", except admits the New York State Unified Court System website does not show LANCE WALLACH as a licensed New York attorney.

15.     Defendant denies the allegations set forth in paragraph marked "34", except admits BENISTAR and VEBA executed a 2014 Services Agreement.

16.     Defendant denies the allegations set forth in paragraph marked "35", except admits there was a 2014 Services Agreement.

17.     Defendant denies the allegations set forth in paragraphs marked "35", "36 (including all sub-paragraphs" and "37" and refers to the terms of the document(s).

18.     Defendant denies the allegations set forth in paragraph marked "38" except admits BENISTAR performed some of the terms of the 2014 Services Agreement including by paying VEBA at least $61,000 between May 5, 2014 and June 3, 2015.

19.     Defendant denies the allegations set forth in paragraph marked "47", except admits on March 5, 2015 a formal Notice was sent.

20.     Defendant denies the allegations set forth in paragraph marked "57", except admits BENISTAR drafted a Termination of Agreement Letter.

21.     Defendant denies the allegations set forth in paragraph marked "61", except admits WALLACH is the registered owner of benistarproblems.com.

## AS TO COUNT 1:

22.     Defendant repeats and reiterates each and every denial in answer to paragraphs numbered "1" through "77" of the Complaint as if more particularly hereinafter set forth in answer to paragraph numbered "78" and each and every part thereof.

23.     Defendant denies the allegations set forth in paragraphs marked "79", "81", "82", "83" and "84", and each and every part thereof.

24.     Defendant denies the allegations set forth in paragraph marked "80" and respectfully refers all questions of law to this Honorable Court.

## AS TO COUNT 2:

25.     Defendant repeats and reiterates each and every denial in answer to paragraphs numbered "1" through "84" of the Complaint as if more particularly hereinafter set forth in answer to paragraph numbered "85" and each and every part thereof.

26.     Defendant denies the allegations set forth in paragraphs marked "86", "87", "89", "90", "91", "92" and "93", and each and every part thereof.

27.     Defendant denies the allegations set forth in paragraph marked "88" and respectfully refers all questions of law to this Honorable Court.

## AS TO COUNT 3:

28.     Defendant repeats and reiterates each and every denial in answer to paragraphs numbered "1" through "93" of the Complaint as if more particularly hereinafter set forth in answer to paragraph numbered "94" and each and every part thereof.

29.     Defendant denies the allegations set forth in paragraphs marked "95", "96", "97", "98", "99", "100", "101", "102" and "103", and each and every part thereof.

30.     Defendant denies the allegations set forth in paragraph marked "104" and respectfully refers all questions of law to this Honorable Court.

## AS TO COUNT 4:

31.     Defendant repeats and reiterates each and every denial in answer to paragraphs numbered "1" through "104" of the Complaint as if more particularly hereinafter set forth in answer to paragraph numbered "105" and each and every part thereof.

32.     Defendant denies the allegations set forth in paragraphs marked "106", "107", "108", "109" and "110", and each and every part thereof.

## AS TO COUNT 5:

33.     Defendant repeats and reiterates each and every denial in answer to paragraphs numbered "1" through "110" of the Complaint as if more particularly hereinafter set forth in answer to paragraph numbered "111" and each and every part thereof.

34.     Defendant denies the allegations set forth in paragraphs marked "113" and "114", and each and every part thereof.

35.     Defendant denies the allegations set forth in paragraph marked "112" and respectfully refers all questions of law to this Honorable Court.

## AS TO COUNT 6:

36.     Defendant repeats and reiterates each and every denial in answer to paragraphs numbered "1" through "114" of the Complaint as if more particularly hereinafter set forth in answer to paragraph numbered "115" and each and every part thereof.

37.     Defendant denies the allegations set forth in paragraphs marked "116", "117" and "118", and each and every part thereof.

## AS TO COUNT 7:

38.     Defendant repeats and reiterates each and every denial in answer to paragraphs numbered "1" through "118" of the Complaint as if more particularly hereinafter set forth in answer to paragraph numbered "119" and each and every part thereof.

39.     Defendant denies the allegations set forth in paragraph marked "121" and each and every part thereof.

40.     Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "120" and "122" and each and every part thereof.

## AS TO COUNT 8:

41.     Defendant repeats and reiterates each and every denial in answer to paragraphs numbered "1" through "122" of the Complaint as if more particularly hereinafter set forth in answer to paragraph numbered "123" and each and every part thereof.

42.     Defendant denies the allegations set forth in paragraph markeds "124", "125" and "126" and each and every part thereof.

## AS TO COUNT 9:

43.     Defendant repeats and reiterates each and every denial in answer to paragraphs

6

numbered "1" through "126" of the Complaint as if more particularly hereinafter set forth in answer to paragraph numbered "127" and each and every part thereof.

44.    Defendant denies the allegations set forth in paragraphs marked "129", "130", "131" and "132" and each and every part thereof.

45.    Defendant denies the allegations set forth in paragraph "128" except admits WALLACH published a post to his LinkedIn account in which the title reads "don trudeau benistar jailtime for founder and lawsuits."

## AS AND FOR A FIRST DEFENSE

46.    Any statements or writings attributable to the undersigned defendant were, in fact, the truth.

## AS AND FOR A SECOND DEFENSE

47.    Plaintiffs' breach of contract claims are barred by a lack of privity.

## AS AND FOR A THIRD DEFENSE

48.    The undersigned defendant is not the "registrant" of the vast majority of the domain/site as that term is employed by the Anticybersquatting Consumer Protection Act.

## AS AND FOR FOURTH DEFENSE

49.    Plaintiff's claims are barred in whole or in part by a qualified privilege/immunity.

## AS AND FOR A FIFTH DEFENSE

50.    Plaintiffs' complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A SIXTH DEFENSE

51.    Plaintiff's claims of breach of contract are barred by the Statute of Frauds.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

52.    At all times mentioned in the complaint, the undersigned answering defendant was, in fact, an agent for a disclosed principal.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

53.    That any alleged use made by defendant of the plaintiffs' mark constituted fair use or fair comment.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

54.    That any alleged use of the mark was as a parody.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

55.    Plaintiff failed to take all reasonable measures to reduce, mitigate and/or minimize the damages alleged.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

56.    That any statements/writing attributable to the undersigned defendant were an expression of opinion.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

57.    Plaintiffs' claims for punitive damages are barred by the excessive fines and punishment clause of the 8th Amendment of the United States Constitution.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

58.    Plaintiffs' claims for punitive damages are barred by Article 1 §5 of the New York State Constitution.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

59.     Than any statements or writings attributable to the undersigned defendant were fair comments on issues.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

60.     That any statements or writings alleged to have been made by the undersigned defendant were the expression of a good faith report.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

61.     Plaintiff has failed to join one or more necessary parties.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

62.     That any alleged use made of plaintiffs' mark was made for the bona fide purpose of offering goods and services.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

63.     That plaintiffs' claims are barred in whole or in part by the fact that any alleged use was other than as a mark of a term or device that is descriptive of goods and services in good faith to describe goods and services of the defendant.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

64.     That any alleged use of the mark was done functionally and not as a mark.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

65.     That plaintiffs' claims are barred in whole or in part by equitable grounds including laches, estoppel, unclean hands and acquiescence.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

66.     That any alleged use of a mark as a domain or website constitutes a "gripe site."

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

67.     That any alleged use made of the plaintiffs' mark was descriptive fair use, or nominative fair use.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

68.     Plaintiffs breach of contract claims are barred by a failure of consideration.

## AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS, VEBA, LLC and DATHONIE D. PINTO, DEFENDANT, LANCE H. WALLACH, RESPECTFULLY SHOWS TO THIS COURT AND ALLEGES:

69.     That if plaintiff was caused damages, as alleged in the Complaint through fault other than plaintiffs' own fault, said damages were sustained due to the primary and active fault, acts of omission or commission of the co-defendants, VEBA, LLC and DATHONIE D. PINTO, with the fault, if any, of this answering defendant, LANCE H. WALLACH, being secondary and/or derivative only.

70.     Further, if plaintiff would recover judgment against this defendant, LANCE H. WALLACH, then co-defendants, VEBA, LLC and DATHONIE D. PINTO, shall be liable to defendant, LANCE H. WALLACH, for the full amount of said judgment or on the basis of apportionment of responsibility for the alleged occurrence and defendant, LANCE H. WALLACH, is entitled to common law indemnification, contribution from and over and against the co-defendants, VEBA, LLC and DATHONIE D. PINTO, for all or part of any verdict or judgment which plaintiff may recover in such amounts as a jury or Court may direct.

71.     That by reason of this action, said answering defendant, LANCE H. WALLACH ,has been and will be put to costs and expenses, including attorneys fees.

WHEREFORE, defendant, LANCE H. WALLACH, demands judgment dismissing the

Complaint herein, together with the costs, disbursements and expenses of this action or in the

alternative, judgment on the cross-claim against the defendants, VEBA, LLC and DATHONIE

D. PINTO, in whole or in part of any verdict proportionate share of fault apportioned to the

aforesaid defendants at trial, together with attorney fees, costs and disbursements of the action.

Dated: Carle Place, New York
       January 17, 2018

                        Yours, etc.

                        McCABE, COLLINS, McGEOUGH, FOWLER,
                        LEVINE & NOGAN, LLP


                        By: _____
                              DAVID T. FOWLER   DTF 2895
                        Attorneys for Defendant WALLACH
                        346 Westbury Avenue
                        P.O. Box 9000
                        Carle Place, New York 11514
                        (516) 741-6266

TO:   CLARK HILL PLC
      Attorneys for Plaintiffs
      43 West 43rd Street - Suite 5
      New York, New York 10036-7424
      (212) 709-8084

      VEBA, LLC
      68 Keswick Lane
      Plainview, New York 11803-6100

      DATHONIE D. PINTO
      130 Camdike Street
      Valley Stream, New York 11580-5334

AFFIDAVIT OF MAILING

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NASSAU       )

Marilyn Rivera, being duly sworn, deposes and says:

Deponent is not a party to this action, is over 18 years of age and resides at Westbury, New York.

That on the _/7_ day of January, 2018 deponent served the within ANSWER

upon attorneys/parties in the case who are registered ECF users and whose names and addresses are set forth below, by the Court's ELECTRONIC CASE FILING systems:

CLARK HILL PLC
43 West 43rd Street - Suite 5
New York, New York 10036-7424

**ALL REMAINING PARTIES SHALL BE SERVED UPON APPEARANCE VIA THE ECF, OR AS REQUIRED.**

Marilyn Rivera

Sworn to before me this _/7_
day of January, 2018.

Notary Public

PATRICK M. MURPHY
Notary Public, State of New York
No. 01MU4702252
Qualified in Nassau County
Commission Expires December 31, 2005
2021