UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BENISTAR ADMIN SERVICES, INC.,
a Delaware Corporation, DONALD J. TRUDEAU,
an individual, and MOLLY CARPENTER,
an individual,

                        Plaintiff,

  -against-                                   **REPORT AND**
                                                         **RECOMMENDATION**
                                                         CV 17-4296 (RRM)(AYS)

LANCH H. WALLACH, a.k.a "Robert Sherman,"
an individual, VEBA, LLC, a New York Limited
Liability Company, DATHONIE D. PINTO, an
individual, STACY ARENAS, an individual, NEIL
DIAN, an individual, IRENE KUPERMAN, an
Individual, NICOLE KUPERMAN, an individual,
And STEVE MENDEZ, an individual,

                        Defendants.
-----------------------------------------------------------X

**SHIELDS, ANNE Y., United States Magistrate Judge:**

      Plaintiff, Benistar Admin Services, Inc. ("Benistar"), commenced this action on July 20, 2017, alleging trademark infringement and unfair competition, pursuant to the Lanham Act, 15 U.S.C. §§ 1051 et seq., and federal cybersquatting under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), as well as state law causes of action for infringement, unfair competition and breach of contract. (See generally Compl., Docket Entry ("DE") [1].) Plaintiff amended its Complaint on July 1, 2018, adding individual Plaintiffs Donald J. Trudeau and Molly Carpenter (collectively, "Plaintiffs"), as well as Defendant Stacey Arenas ("Arenas" or "Defendant"), incorrectly listed in the caption as "Stacy Arenas," among others. (Am. Compl., DE [43].)

      Plaintiffs settled with defendants Lance H. Wallach, VEBA, LLC, and Dathonie D. Pinto,

1

and the Court entered orders regarding those settlements. (DE [46], [59].) Defendant Steve Mendez was voluntarily dismissed from the action on March 14, 2019. (DE [75].) Finally, Plaintiffs settled with defendants Neil Dian, Irene Kuperman, and Nicole Kuperman on August 23, 2019, (DE [104]), leaving Arenas as the only remaining defendant in this action.

On August 30, 2019, Arenas filed an Answer to the Amended Complaint, in which she asserts a counterclaim. Presently before the Court are two motions: (1) Plaintiffs' motion for summary judgment with respect to Arenas's counterclaim, pursuant to Federal Rule of Civil Procedure 56, (DE [128]); and, (2) Plaintiffs' motion to strike Arenas's letter of July 24, 2020, filed after the summary judgment motion was fully briefed, and for leave to move for sanctions, (DE [131]), both of which were referred to this Court for a report and recommendation by the Honorable Roslynn Mauskopf on August 3, 2020. (Order of Mauskopf, J., dated Aug. 3, 2020.) For the following reasons, this Court respectfully recommends that Plaintiffs' motion for summary judgment be granted and that Arenas's counterclaim be dismissed. The Court further recommends that Plaintiffs' motion to strike and for leave to move for sanctions be denied.

## BACKGROUND

The relevant facts, as set forth below, are taken from the parties' Local Civil Rule 56.1 Statements of undisputed material facts. The Court notes that while Plaintiffs filed a Statement of Material Facts, (DE [128-1]), and Arenas filed a Response and Counter-Statement, (DE [128-18]), as well as a revised Response and Counter-Statement, (DE [129-1], in compliance with Local Civil Rule 56.1, the majority of Arenas's counter-statements simply state that she is "[u]nable to affirm or deny" Plaintiffs' statements, rendering Arenas's Rule 56.1 statement largely unhelpful to the Court. Since Arenas fails to actually deny all but two of Plaintiff's statements of material facts, the majority of Plaintiff's Rule 56.1 Statement is deemed admitted.

Benistar incorporated in 1995 and is in the business of consulting, management, and administration regarding employee healthcare benefit plans. (Pl. Local Civ. R. 56.1 Statement ("Pl. 56.1"), ¶ 6.) Benistar specializes in retiree medical and prescription drug plans, working with brokers and consultants to provide retiree medical and prescription drug solutions to a variety of organizational entities, including corporations, government entities, and educational institutions. (Id.) Plaintiffs Trudeau and Carpenter are officers and employees of Benistar. (Id. ¶ 2.)

Benistar is the owner of United States Trademark Registration Numbers 4,889,308 and 4,885,471, both filed in International Class 36, for a BENISTAR Word Mark and a BENISTAR Composite Mark, respectively (hereinafter, the "BENISTAR Marks"). (Id. ¶ 7.) The BENISTAR Marks have been consistently used in commerce since their first respective use dates in 1995 and 2013, respectively, and are currently being used in interstate commerce. (Id.) Benistar is also the registered owner of the domain name benistar.com, having registered the name on February 29, 1996. (Id. ¶ 8.) The BENISTAR Marks are well-known within the healthcare insurance plan industry. (Id. ¶ 9.)

From 2011 through 2014, former defendant Lance Wallach ("Wallach") and his company, VEBA LLC ("VEBA"), caused many domain names embodying Benistar or variations of its name to be registered and numerous posts and articles to be placed on the internet that Plaintiffs considered disparaging and infringing. (Id. ¶ 10.) The situation was resolved through an agreement (the "2014 Services Agreement"), pursuant to which Wallach and VEBA, with the help of others, would be compensated for transferring to Benistar the domain names using its trademark, and otherwise removing defamatory and disparaging material as to Benistar, Trudeau and Carpenter. (Id. ¶ 11.)

Arenas, an employee of VEBA, performed work under the 2014 Services Agreement, for which Benistar paid her via checks made out to Arenas and forwarded to defendant Dathonie Pinto ("Pinto"), as the representative of VEBA. (Id. ¶ 12.) However, in 2016, Arenas's LinkedIn account continued to display the same type of posts and defamatory material for which Benistar had paid her to remove. (Id. ¶ 13.) Such posts remain as of the filing of the within motion. (Id. ¶ 16.)

## PROCEDURAL HISTORY

As stated above, Plaintiffs filed their Amended Complaint on July 1, 2018. (DE [43].) Following the filing of the Amended Complaint, all the defendants other than Arenas either reached settlements with Plaintiffs or were voluntarily dismissed from this action. On August 30, 2019, Arenas filed her Answer in which she asserts the following counterclaim ("the "Counterclaim"):

> The Plaintiffs have intentionally, recklessly, and negligently brought an action against me to cause mental hardship, harassment, defame my name, cause financial harm and waste my time. Plaintiffs have instituted a frivolous lawsuit against me and are trying to intimidate me and prevent me from coming forth with other illegal matters including Identity Theft, Harassment, Defamation of Name, Face and Character.

(Arenas Ans., DE [105], at 7.)

Thereafter, Plaintiffs attempted to settle this action with Arenas as well. This Court afforded Arenas numerous extensions of time over the course of more than six months, to determine whether to accept the settlement terms offered by Plaintiffs. On April 21, 2020, noting that Arenas had repeatedly failed to comply with this Court's Orders directing her to decide whether to accept the proposed settlement, the Court granted Plaintiffs leave to move to strike Arenas's Counterclaim.

On July 27, 2020, Plaintiffs filed the within motion for summary judgment with

4

respect to the Counterclaim, which was referred to this Court by Judge Mauskopf. The Court now turns to the merits of the motion.

DISCUSSION

I.    Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to establish the lack of any factual issues. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The very language of this standard dictates that an otherwise properly supported motion for summary judgment will not be defeated because of the mere existence of some alleged factual dispute between the parties. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Rather, the requirement is that there be no "genuine issue of material fact." Id. at 248.

The inferences to be drawn from the underlying facts are to be viewed in the light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986). When the moving party has carried its burden, the party opposing summary judgment must do more than simply show that "there is some metaphysical doubt as to the material facts." Id. at 586. In addition, the party opposing the motion "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248.

When considering a motion for summary judgment, the district court "must also be 'mindful of the underlying standards and burdens of proof' . . . because the evidentiary burdens that the respective parties will bear at trial guide the district courts in their determination of summary judgment motions." SEC v. Meltzer, 440 F. Supp. 2d 179, 187 (E.D.N.Y. 2006)

5

(quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988)) (internal citations omitted). "Where the non-moving party would bear the ultimate burden of proof on an issue at trial, the burden on the moving party is satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim." Meltzer, 440 F. Supp. 2d at 187.

II.   Plaintiffs are Entitled to Summary Judgment on Arenas's Counterclaim

Arenas's Counterclaim, construed liberally, appears to assert four potential causes of action: (1) that the Amended Complaint is frivolous, in violation of Rule 11 of the Federal Rules of Civil Procedure; (2) intentional infliction of emotional distress; (3) defamation; and (4) identity theft, all of which are state law causes of action. While the Court notes that "a request for Rule 11 sanctions is not a cause of action," providing an independent basis for the award of summary judgment to Plaintiffs, in light of Arenas's pro se status and the fact that it is within the Court's discretion to recommend Rule 11 sanctions, it will nonetheless address the argument. Ivchencko v. Global MRV, Inc., No. CV 11-4247, 2013 WL 685379, at *12 n.4 (E.D.N.Y. Feb. 4, 2013) (citing Wentworth v. Hedson, 248 F.R.D. 123, 125 (E.D.N.Y. 2008) ("There is no private right of action under Rule 11.")).

    A.   Rule 11

Federal Rule of Civil Procedure 11(b)(2) requires an attorney to certify that "the claims, defenses, and other legal contentions [contained in a pleading] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Under Rule 11, an attorney is further required to certify that a pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that "the factual contentions [contained therein] have evidentiary support." Id. at (b)(1) and (b)(3). "An

6

argument constitutes a frivolous legal position for purposes of Rule 11 . . . if, under an objective standard of reasonableness, it is clear . . . that there is no chance of success and no reasonable argument to extend, modify, or reverse the law as it stands." Weitz v. Wagner, No. CV-07-1106, 2008 WL 5605669, at *8 (E.D.N.Y. July 24, 2008) (quoting Caisse Nationale De Credit Agricole-CNCA v. Valcorp, Inc., 28 F.3d 259, 264 (2d Cir. 1994)) (additional citation omitted). Here, despite Arenas's claim that Plaintiffs commenced this action against her to cause her "mental hardship, harassment, defame [her] name, cause financial harm and waste [her] time," (Arenas Ans. at 7), the allegations in the Amended Complaint are detailed, supported by facts, and have a basis in law. Arenas offers no factual support for her contention that the claims as alleged against her are frivolous. "There is a vast difference between bringing a totally unfounded malicious lawsuit on the one hand, and having a failure of proof in support of what may be an entirely reasonably lawsuit, on the other hand." Diatraco Corp. v. Freeman, 568 F. Supp. 778, 781 (S.D.N.Y. 1982).

Having reviewed the Amended Complaint and the papers offered in support of and in opposition to the within motion, this Court finds that the Amended Complaint, as alleged against Arenas, is not frivolous, under the standard set forth in Rule 11. Accordingly, this Court finds that Arenas's Counterclaim based on frivolousness fails as a matter of law.

    B.    <u>Intentional Infliction of Emotional Distress</u>

"Under New York law, the tort of intentional infliction of emotional distress has four elements: (1) extreme and outrageous conduct; (2) intent to cause severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." Restis v. American Coal. Against Nuclear Iran, Inc., 53 F. Supp. 3d 705, 729 (S.D.N.Y. Sept. 30,

7

2014) (citing Bender v. City of New York, 78 F.3d 787, 790 (2d Cir. 1996)).  "New York sets a high threshold for conduct that is 'extreme and outrageous' enough to constitute intentional infliction of emotional distress."  Restis, 53 F. Supp. 3d at 729 (quoting Bender, 78 F.3d at 790); see also Gay v. Carlson, 60 F.3d 83, 89 (2d Cir. 1995) ("We have noted that New York courts have been 'very strict' in applying these elements.").  Indeed, "New York courts have found liability for intentional infliction of emotional distress 'only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."  Restis, 53 F. Supp. 3d at 729 (quoting Stuto v. Fleishman, 164 F.3d 820, 827 (2d Cir. 1999)) (additional citations omitted).

  Here, there is nothing in the Counterclaim, other than Arena's conclusory statements, to support a claim for intentional infliction of emotional distress.  Arenas asserts that she has suffered "mental anguish" as a result of the within lawsuit, while also "dealing with [her] father's death, [her] godfather's death and [her] husband's medical issues – cancer and heart problems." (Arenas Ans. at 8.)  Arenas goes on to allege that she is "distressed and shocked that Plaintiff would serve [her] this frivolous lawsuit and right before [her] daughter's birthday, the day memorial weekend began," which she asserts "ruined [their] family holiday weekend and her birthday, which is supposed to be a joyous day."  (Id.)  While the foregoing may certainly have been upsetting to Arenas, the majority of it is not even attributable to Plaintiffs.  Moreover, the mere commencement of legal proceedings against Arenas – which this Court has already found not to be frivolous – does not even come close to the conscience-shocking or outrageous behavior required to sustain a claim for intentional infliction of emotional distress.

8

Accordingly, this Court finds that Arenas's Counterclaim for intentional infliction of emotional distress fails as a matter of law.

C. Defamation

To state a claim for defamation under New York law, a plaintiff must allege: "(1) a written defamatory statement of fact . . .; (2) publication to a third party; (3) fault (either negligence or actual malice depending on the status of the libeled party); (4) falsity of the defamatory statement; and (5) special damages or per se actionability." Elliot v. Donegan, 469 F. Supp. 3d 40, 48 (E.D.N.Y. 2020) (quoting Palin v. New York Times Co., 940 F.3d 804, 809 (2d Cir. 2019)). "Mere conclusory statements will not suffice to support a claim for defamation." Weitz, 2008 WL 5605669, at *7 (citing Scholastic, Inc. v. Stouffer, 124 F. Supp. 2d 836, 849 (S.D.N.Y. 2000)).

In the within action, Arenas's Counterclaim falls far short of maintaining a claim for defamation. Nowhere in her Counterclaim is there a description of the allegedly defamatory statements purported to have been made by Plaintiffs, the approximate date they were made, nor if anyone in particular made a statement specifically concerning her. Rather, Arenas conclusorily asserts that "Plaintiff's employees have defamed my name, face, and character . . . ruining my image and reputation and character." (Arenas Ans. at 8.) Such a claim is legally insufficient to survive summary judgment.

Moreover, "any purported claim of defamation based on the statements contained in the pleadings in the within action – which is what [Arenas] appears to be basing her defamation claim on – would be barred by the New York State doctrine of absolute privilege." Weitz, 2008 WL 5605669, at *7. Pursuant to that doctrine, "[s]tatements made . . . in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the motive with which

9

they are made, so long as they are material and pertinent to the issue to be resolved in the proceeding." Officemax Inc. v. Cinotti, 966 F. Supp. 2d 74, 79 (E.D.N.Y. 2013) (quoting Bisogno v. Borsa, 954 N.Y.S.2d 896, 896 (2d Dep't 2012)) (additional citation omitted) (alteration in original). "In this regard, allegedly defamatory statements are protected if they 'may possibly be pertinent' to a proceeding." Officemax, 966 F. Supp. 2d at 79 (quoting Lacher v. Engel, 817 N.Y.S.2d 37, 41 (1st Dep't 2006)) (additional citation omitted). "The litigation privilege is absolute and 'has been applied not only to statements made in pleadings and in court, but also to statements made in . . . letters between attorneys and parties . . . .'" Officemax, 966 F. Supp. 2d at 79 (quoting Aequitron Med., Inc. v. Dyro, 999 F. Supp. 294, 298 (E.D.N.Y. 1998)) (additional citation omitted).

Based on the foregoing, Arenas's Counterclaim for defamation fails as a matter of law.

D.     Identity Theft

The final area of Arenas's Counterclaim appears to allege a purported claim for "identify theft," in which she conclusorily asserts that Plaintiff's "employees have . . . stole [sic] my identity." (Arenas Ans. at 8.) According to Arenas, "a Benistar employee in the Marketing Technologies department . . . stole [her] identity, manipulated [her] linkedin account, and used [her] account without [her] knowledge or permission." (Id.) Such allegations fail to state a legally recognized cause of action; nor do they even satisfy Rule 8's pleading standard.

It is simply unclear to this Court what Arenas is attempting to allege. Identity theft is a criminal cause of action, which clearly does not apply herein. If Arenas is intending to assert a cause of action for invasion of privacy, such a claim is not recognized under New York law. See Wright v. Belafonte, No. 12-CIV-7580, 2014 WL 1302632, at *2 (S.D.N.Y. Mar. 31, 2014) ("False light/invasion of privacy is not a cause of action in New York."). As Plaintiffs point out

10

in attempting to discern the cause of action Arenas seeks to allege, the only invasion of privacy claims recognized in New York are governed by New York Civil Rights Law Sections 50 and 51, which forbid the "use[] for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person . . . ." Ifudu v. City of New York, No. 16-CV-2957, 2018 WL 4568799, at *13 (E.D.N.Y. Sept. 24, 2018) (citing N.Y. Civ. Rights Law § 50).  As Arenas does not allege any use of her name, portrait or picture by Plaintiffs for advertising purposes, such a cause of action does not apply.

Based on the foregoing, this Court finds that Arenas's purported Counterclaim for "identity theft" is simply implausible and fails as a matter of law.

III.    Plaintiffs' Motion to Strike and for Leave to Move for Sanctions

By Order dated April 22, 2020, this Court set a briefing schedule for Plaintiffs' motion for summary judgment, with briefing to be concluded by June 29, 2020.  (Order of Shields, M.J., dated Apr. 22, 2020.)  Thereafter, this Court granted two extensions of time with respect to the briefing schedule, with the motion to be filed on July 27, 2020.  (Order of Shields, M.J., dated June 30, 2020; Order of Shields, M.J., dated July 20, 2020.)

Plaintiffs filed their motion for summary judgment on July 27, 2020.  (DE [128].)  On July 29, 2020, the Pro Se Office of this courthouse docketed a letter from Arenas, dated July 24, 2020 but received on July 29, 2020, in which she asserts further arguments in opposition to Plaintiffs' motion for summary judgment.  (DE [130].)  Plaintiffs now seek to strike Arenas's unauthorized sur-reply and for leave to move for sanctions.  (DE [131].)

Since the Court did not grant Arenas permission to file a sur-reply, and such filings are not permitted under this Court's Individual Rules, (see Rule IX(E) of Individual Practice Rules

11

of M.J. Shields), the Court did not review or rely upon the unauthorized filing in connection with the instant Report and Recommendation. Accordingly, there is no cause for striking the submission. Moreover, given Arenas's pro se status, and in light of the disposition recommended herein, the Court finds that permitting Plaintiffs to move for sanctions would be draconian. The unauthorized filing of a sur-reply by a pro se litigant does not warrant such measures.

Accordingly, this Court respectfully recommends that Plaintiffs' motion to strike and for leave to move for sanctions be denied.

## RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that Plaintiffs' motion for summary judgment be granted and that Defendant Arenas's Counterclaim be dismissed in its entirety. The Court further recommends that Plaintiffs' motion to strike Arenas's letter filed at Docket Entry [130] and for leave to move for sanctions be denied.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to Plaintiffs' counsel via ECF. Plaintiffs' counsel is directed to serve a copy of this Report and Recommendation on pro se Defendant Stacey Arenas by overnight mail and first-class mail, and to file proof of service on the docket sheet, by January 15, 2021. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall

file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

**SO ORDERED.**

Dated: Central Islip, New York
January 13, 2021

/s/     Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge